```
                   UNITED STATES DISTRICT COURT
                     DISTRICT OF CONNECTICUT

STRIKE 3 HOLDINGS, LLC,          :
                                 :
     Plaintiff,                  :
                                 :
     v.                          :  CASE NO. 3:25-cv-189(SFR)
                                 :
JOHN DOE, subscriber             :
assigned IP address              :
24.181.182.24,                   :
                                 :
     Defendant.
```

**ORDER ON MOTION FOR LEAVE TO SERVE THIRD-PARTY SUBPOENA**

Strike 3 Holdings, LLC ("Plaintiff" or "Strike 3") alleges that John Doe ("Defendant"), identified only by his or her IP address, committed copyright infringement by downloading and distributing Plaintiff's copyrighted adult films using BitTorrent, a file distribution network. (Dkt. # 1 ¶¶ 1, 4).

Before the Court, Plaintiff moves for leave to serve a third-party subpoena on Defendant's internet service provider ("ISP"), prior to a Rule 26(f) discovery conference, for the limited purpose of discovering Defendant's identity. (Dkt. #10).

For the reasons below, the Court GRANTS Plaintiff's motion, subject to the limitations and protective order described below.

I.   Background and Procedural History

Strike 3 is the owner and licenser of various adult films distributed through DVDs and adult websites. (Dkt. #1 ¶¶ 2-3).

1

Strike 3 alleges that Defendant, who can only be identified by his or her IP address, has committed copyright infringement by downloading and distributing Strike 3's films. *Id.* ¶¶ 2-3. Specifically, Plaintiff Strike 3 alleges that Defendant has used BitTorrent, "a system designed to quickly distribute large files over the Internet," *id.* ¶ 17, to copy and distribute "69 movies over an extended period of time." *Id.* ¶ 4.

In response to the "major problem of Internet piracy[,]" *id.* ¶ 17, Plaintiff allegedly developed its own infringement detection systems. *Id.* ¶ 27. Namely, Plaintiff's "VXN Scan" is allegedly capable of "detect[ing], captur[ing], and document[ing]" the transmission of Plaintiff's copyrighted works. *Id.* ¶ 35. This is how Plaintiff allegedly found Defendant's IP address. *Id.* ¶¶ 33-35.

Defendant allegedly downloaded and distributed the videos anonymously, and the only identifying information that Plaintiff has is the IP address used to infringe its content. *Id.* ¶ 5. The ISP Spectrum allegedly can identify the individual who owns the IP address that downloaded the content at issue in this suit.

On February 7, 2025, Plaintiff filed its complaint. (Dkt. #1). Subsequently, Plaintiff filed the current motion for leave to serve a third-party subpoena, pursuant to FED. R. CIV. P. 26(d)(1), on February 19, 2025. (Dkt. # 10).

**II.  Legal Standard**

Under the Federal Rules of Civil Procedure, parties are generally prohibited from initiating any discovery prior to the Rule 26(f) discovery conference. *See* FED. R. CIV. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except… by court order."). Yet, because the Cable Communications Privacy Act of 1984, 47 U.S.C. § 551(c), prohibits an ISP from disclosing a subscriber's personally identifying information to a private party absent the subscriber's consent or a court order, a court may authorize early discovery from an ISP – but only where a party has demonstrated "good cause" for expedited discovery. *See Arista Recs. LLC v. Does 1-4*, 589 F. Supp. 2d 151, 152–53 (D. Conn. 2008) (applying "good cause" standard to request for expedited discovery); *see also Strike 3 Holdings, LLC v. Doe*, No. 3:17-CV-1680 (CSH), 2017 WL 5001474, at *3 (D. Conn. Nov. 1, 2017) (adopting "good cause" standard to similar facts here).

In weighing whether such a moving party has demonstrated good cause, courts apply the *Arista* test[1] laid out by the Second Circuit. *See, e.g., Strike 3 Holdings, LLC v. Doe*, No. 19-CV-

---

[1] In *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 119 (2d Cir. 2010), a defendant sought to *quash* a subpoena served on an internet service provider to disclose the identities of internet users who had allegedly illegally downloaded and/or distributed music online. Accordingly, this case is not identical to *Arista*; still, courts in this Circuit continue to apply the *Arista* test with regard to similar motions made under FED. R. CIV. P. 26(d).

1152 (MPS), 2019 WL 3859514 (D. Conn. Aug. 16, 2019); *Corey Sipkin Photography LLC v. ABC Corp.*, 23-cv-4754 (LJL), 2023 WL 6881683 (S.D.N.Y. Oct. 17, 2023); *Strike 3 Holdings, LLC v. Doe*, 3:23-CV-1646 (SVN), 2024 WL 473773 (D. Conn. Feb. 7, 2024).

In *Arista Records, LLC v. Doe 3*, the court held that the principal factors demonstrating good cause include:

> (1) [the] concrete[ness of the plaintiff's] showing of a prima facie claim of actionable harm, … (2) [the] specificity of the discovery request, … (3) the absence of alternative means to obtain the subpoenaed information, … (4) [the] need for the subpoenaed information to advance the claim, … and (5) the [objecting] party's expectation of privacy.

604 F.3d 110, 119 (2d Cir. 2010) (alterations in original) (quoting *Sony Music Ent. Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 564-65 (S.D.N.Y. 2004)).

If a court grants a motion to serve a third-party subpoena on a qualifying ISP, a protective order is also regularly issued. *See, e.g., Strike 3 Holdings, LLC v. Doe*, No. 3:24-cv-1237 (VAB), 2024 U.S. Dist. LEXIS 146414 (D. Conn. Aug. 16, 2024); *Strike 3 Holdings, LLC v. Doe*, No. 3:24-CV-00253 (VDO), 2024 U.S. Dist. LEXIS 64268 (D. Conn. Apr. 8, 2024). The purpose is to have "the ISP [] comply with cable operator disclosure laws and… issue a notice informing the subscriber of the court's order and providing the subscriber an opportunity to contest the subpoena." *Strike 3*, 2024 U.S. Dist. LEXIS 64268, at *5.

**III. Discussion**

The Court is mindful that given the posture of the case, there is an "absence of any meaningful opportunity to test Strike 3's claims[.]" *Strike 3*, 2024 U.S. Dist. LEXIS 146414, at *7. Still, as many courts have previously acknowledged, the *Arista* factors strongly favor Strike 3's request for expedited discovery. *See id.* at n. 1 (citing cases).

    A. <u>*Showing of a Prima Facie Claim*</u>

The first *Arista* factor requires Strike 3 to state a *prima facie* claim for copyright infringement. Specifically, Strike 3 must show "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).

To begin, Strike 3 alleges that it owns the 69 works at issue, all of which were distributed through Strike 3's adult website brands. Strike 3 has also demonstrated that it has registered these works with the United States Copyright Office. *See* Dkt. #1-1 (listing individual registration numbers).

Subsequently, the Court finds that there is a plausible showing of these works being copied. Strike 3 specifically alleges that Defendant downloaded and then re-distributed its adult works over BitTorrent, *see* Dkt. #1 ¶ 38, and "the use of

P2P systems to download and distribute copyrighted [material] has been held to constitute copyright infringement." *Sony Music*, 326 F. Supp. 2d at 565-66 (collecting cases).

Accordingly, the *prima facie* case for copyright infringement has been concretely demonstrated, and this factor weights strongly in favor of granting the motion.

### B. *Specificity of the Discovery Request*

The second *Arista* factor requires a plaintiff to "narrowly tailor and specify the information sought by the discovery request." *Strike 3*, 2017 WL 5001474 at *6.

Strike 3 has done so here as it seeks only the name and address of the subscriber associated with Defendant's IP address. (Dkt. #10-1 at 1). Accordingly, the narrowness of this request weighs in favor of granting Strike 3's motion.

### C. *Absence of Alternative Means to Obtain Information*

The next *Arista* factor requires the movant to demonstrate that no alternative means exist to obtain the requested information. *See Arista*, 604 F.3d at 119. Strike 3 claims that the requested subpoena is the only way to discover the identity of the person who has been assigned the IP address, 24.181.182.24. This is specifically because Spectrum "is the only entity that can correlate the IP address to its subscriber

6

and identify Defendant as the person assigned," (Dkt. #11-1 ¶ 28), and there appears to be no public registry correlating known persons to their IP addresses. *See* Dkt. #11 at 7.

Thus, this factor weighs in favor of Strike 3.

### D. *Need for Information to Advance the Claim*

The fourth *Arista* factor considers a plaintiff's "need for the subpoenaed information to advance the claim." *Sony Music*, 326 F. Supp. 2d at 565. Strike 3 cannot properly serve the Doe defendant to prosecute its claim until the latter has been identified. Thus, the requested information is critical to Strike 3's claim, and this factor weighs in favor of granting the requested subpoena.

### E. *Objecting Party's Expectation of Privacy*

The final *Arista* factor evaluates the defendant's expectation of privacy. Courts within this district have found that ISP subscribers, such as this Doe defendant, carry – at most – a "minimal" or "limited" privacy interest with respect to certain information, such as their IP address and identity, that they convey to their ISP. *See e.g., Strike 3*, 2024 U.S. Dist. LEXIS 64268 ("minimal"); *Strike 3*, 2024 U.S. Dist. LEXIS 146414 ("limited"). "Although a Doe defendant might have a heightened privacy interest in a context involving copyrighted adult

7

materials, … a defendant's expectation of privacy for sharing copyrighted material through an online file-sharing network is simply insufficient to permit them to avoid having to defend against a claim of copyright infringement." *Strike 3*, 2024 U.S. Dist. LEXIS 64268 at *8-9 (citing *Arista*, 604 F.3d at 124) (internal quotations and brackets omitted).

Accordingly, this factor weighs heavily in favor of granting Strike 3's motion.

## IV. Conclusion

After balancing the *Arista* factors, the Court hereby **GRANTS** Plaintiff Strike 3's motion. Considering the aforementioned privacy concerns, the Court will implement a protective order, **ORDERING** as follows:

1. Plaintiff may subpoena Defendant's ISP *only* to obtain Defendant's name and address, but not Defendant's e-mail or telephone number. Plaintiff may only use Defendant's name and address, if obtained by Defendant's ISP, for the purposes of this litigation; Plaintiff is ordered not to disclose Defendant's name or address, or any other identifying information other than Defendant's ISP number, that Plaintiff may subsequently learn.

2. Defendant will be permitted to litigate this case anonymously unless and until this Court orders otherwise and only after Defendant has had an opportunity to challenge the disclosure. Therefore, Plaintiff is ordered not to publicly file any of Defendant's identifying information and to file all documents containing Defendant's identifying information under seal.

3. Plaintiff may immediately serve the Rule 45 subpoena on Defendant's ISP. Plaintiff shall also serve Defendant's ISP with a copy of the complaint and this Order.

4. Once served with the subpoena, the ISP must wait to give Plaintiff the subpoenaed information until after the ISP has provided Defendant John Doe with:

    a. A copy of the subpoena, the Complaint filed in this lawsuit, and this Order; and

    b. Notice that the ISP will comply with the subpoena and produce to Plaintiff the information sought in the subpoena unless, within forty-five (45) days of service of the subpoena, Defendant moves to quash the subpoena or for other appropriate relief in this Court. If a timely motion to quash is filed, the ISP shall not produce the subpoenaed information until the Court acts on the motion.

5. Defendant's ISP will have forty-five (45) days from the date of service of the Rule 45 subpoena upon it to serve Defendant John Doe with a copy of the Complaint, this Order, and the subpoena. The ISP may serve Defendant John Doe using any reasonable means, including written notice sent to his or her last known address, transmitted either by first class mail or via overnight service.

6. As stated in 4(b), Defendant John Doe shall have forty-five (45) days from the date of service of the Rule 45 subpoena and this Order upon him to file any motions with this Court contesting the subpoena, as well as any request to litigate the subpoena anonymously. The ISP may not turn over the identifying information of Defendant to Plaintiff before the expiration of this forty-five (45) day period. Additionally, if Defendant or the ISP files a motion to quash or modify the subpoena, or a request to litigate the subpoena anonymously, the ISP may not turn over any information to Plaintiff until the issues have been addressed.

7. If no subscriber(s) contest(s) the subpoena within forty-five (45) days of being served by their ISP, then the ISP

   shall have ten (10) days to disclose the information responsive to the subpoena to Plaintiff.

8. Defendant's ISP shall preserve any subpoenaed information pending the resolution of any timely filed motion to quash.

9. Defendant's ISP shall confer with Plaintiff and shall not assess any charge in advance of providing the information requested in the subpoena. If Defendant's ISP receives a subpoena and elects to charge for the costs of production, it shall provide a billing summary and cost report to Plaintiff.

This is not a Recommended Ruling. This is a discovery ruling or order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636(b)(1)(A); FED. R. CIV. P. 72(a); D. CONN. L. R. 72.2. As such, it is an order of the Court unless reversed or modified by a district judge upon motion timely made.

SO ORDERED this 16th day of April, 2025 at Hartford, Connecticut.

_____/s/_____
Robert A. Richardson
United States Magistrate Judge